IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-02293-PAB-KLM

KEVIN JACKSON,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER and
DENVER POLICE DEPARTMENT,

    Defendants.

## ORDER

    This matter is before the Court on the Motion to Dismiss [Docket No. 10] filed by defendants, the City and County of Denver and the Denver Police Department.  In their motion, defendants only request that the Court dismiss plaintiff's state law claims. Plaintiff has not filed a response.

    On August 31, 2011, plaintiff filed a complaint [Docket No. 1] asserting three claims for relief against defendants.  Plaintiff alleges that he was subject to (1) discrimination based on race in violation of Title VII of the Civil Rights Act 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, (2) retaliation in violation of Title VII, and (3) illegal employment practices based on gender in violation of the Colorado Anti-Discrimination Act ("CADA"), Colo. Rev. Stat. § 24-34-401 *et seq*.  Docket No. 1 at 4-6.  According to the complaint, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and received a notice of right to sue on June 3, 2011.  Docket No. 1 at 2, ¶ 8-9.

Defendants argue that plaintiff's CADA claim should be dismissed because (1) CADA does not provide relief for individual plaintiffs, and (2) plaintiff failed to exhaust administrative remedies. Docket No. 10 at 3-4. Defendants claim that, because plaintiff seeks monetary damages, his request for relief is beyond the scope of available remedies under CADA. *Id*. at 4. In the alternative, defendants assert that plaintiff's CADA claim must be dismissed because he failed to file a charge of discrimination with the Colorado Civil Rights Division ("CCRD"). *Id*. at 4. Defendants contend that Colo. Rev. Stat. § 24-34-306(14) requires a plaintiff to exhaust administrative remedies and that plaintiff's failure to exhaust strips the Court of subject matter jurisdiction. *Id*. at 4-5.

## I. STANDARD OF REVIEW

In their motion, defendants invoke Rule 12(b)(1) of the Federal Rules of Civil Procedure. Dismissal pursuant to Rule 12(b)(1) is appropriate if the Court lacks subject matter jurisdiction over claims for relief asserted in the complaint. Rule 12(b)(1) challenges are generally presented in one of two forms: "[t]he moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004) (quoting *Maestas v. Lujan*, 351 F.3d 1001, 1013 (10th Cir. 2003)). When resolving a facial attack on the allegations of subject matter jurisdiction, the Court "must accept the allegations in the complaint as true." *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). To the extent the defendant attacks the factual basis for subject matter

jurisdiction, the Court "may not presume the truthfulness of the factual allegations in the complaint, but may consider evidence to resolve disputed jurisdictional facts." *SK Finance SA v. La Plata Cnty.*, 126 F.3d 1272, 1275 (10th Cir. 1997). "Reference to evidence outside the pleadings does not convert the motion to dismiss into a motion for summary judgment in such circumstances." *Id.* Ultimately, and in either case, plaintiff has "[t]he burden of establishing subject matter jurisdiction" because it is "the party asserting jurisdiction." *Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008). Defendants' motion is a facial attack on the sufficiency of the complaint's allegations as to the Court's subject matter jurisdiction.

## II. ANALYSIS

In *Brooke v. Rest. Servs., Inc.*, 906 P.2d 66 (Colo. 1995), the Colorado Supreme Court held that, before an individual can assert a claim under CADA, he must first exhaust administrative remedies for all claims brought pursuant to the Act. *Id*. at 72; Colo. Rev. Stat. § 24-34-306(14). Under CADA, a plaintiff exhausts administrative remedies when he obtains a notice of right to sue from the CCRD. Colo. Rev. Stat. § 24-34-306(15); *see also City of Colo. Springs v. Conners*, 993 P.2d 1167, 1169 n.3 (Colo. 2000) ("As a condition precedent to bringing an action in district court, a party must exhaust her administrative remedies available under the CRA [now CADA], and a right-to-sue letter will often serve as evidence that a party complied with this requirement.") (citation omitted). Plaintiff here does not allege that he has received a notice of right to sue from the CCRD. *See* Docket No. 1. Additionally, by failing to respond to the motion to dismiss, plaintiff concedes that he has failed to exhaust his

administrative remedies.  *See United States ex. rel Trujillo v. Group 4 Falck*, 244 F. App'x 853, 855 (10th Cir. 2007) (upholding district court's decision to grant a motion to dismiss because plaintiff failed to provide evidence that he exhausted administrative remedies when he did not reply to the motion).  Accordingly, accepting all the well-pleaded allegations in the complaint as true, the Court will grant defendants' motion to dismiss because plaintiff has failed to exhaust administrative remedies for his CADA claim.[1]

Therefore, it is

**ORDERED** that Defendants' Motion to Dismiss Plaintiff's State Law Claims [Docket No. 10] is **GRANTED**.  It is further

**ORDERED** that plaintiff's third claim for relief pursuant to Colo. Rev. Stat. § 24-34-402 is hereby dismissed.

---

[1] In Colorado, the EEOC and the CCRD have entered into a workshare agreement whereby each agency acts as the other's agent for the purpose of receiving and drafting employment discrimination charges.  *See Rodriguez v. Wet Ink, LLC*, 603 F.3d 810, 813 (10th Cir. 2010).  Although the workshare agreement clearly envisions initial cooperation between the two agencies, the agreement "*does not include the right of one Agency to determine the jurisdiction of the other Agency over a charge*."  *Id*. at 813 (emphasis in original).  In *Rodriguez*, the Tenth Circuit held that, under the workshare agreement, the EEOC retains sole authority to terminate its own jurisdiction. *Id*.  Because the Tenth Circuit held that a CCRD a notice of right to sue does not strip the EEOC of jurisdiction over federal discrimination claims, the Court finds that an EEOC right-to-sue letter does not strip the CCRD of jurisdiction over CADA claims. *See id.* at 814 (noting that other courts conclude that "a state agency's right-to-sue notice does not trigger the federal filing period and vice versa."); *cf. Mitchell-Carr v. McLendon*, 980 P.2d 65, 70-71 (N.M. 1999) (finding that, under New Mexico's workshare agreement, a right-to-sue letter from the EEOC does not exhaust the administrative remedies under the New Mexico Human Rights Act).  Accordingly, without a notice of right to sue from the CCRD, the Court finds that plaintiff has not sufficiently alleged that he exhausted administrative remedies for his CADA claim. Colo. Rev. Stat. § 24-34-306(14).

DATED September 24, 2012.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge